# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACOB ALAN POWERS,

    Plaintiff,

    v.                                        Case No. 11-CV-176

WISCONSIN DEPARTMENT OF CORRECTIONS,

    Defendant.

## ORDER

Plaintiff Jacob Alan Powers, a Wisconsin state prisoner who is incarcerated at Waupun Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 against the Wisconsin Department of Corrections, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. The plaintiff has been assessed and paid an initial partial filing fee of $1.95. See 28 U.S.C. § 1915(b).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325

(1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

In order to state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 [1957]). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of North Fond du Lac, 384 F.3d 856, 861 [7th Cir. 2004]); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 [1976]).

In his complaint, the plaintiff states, in part, as follows:

Denial of access to the legal system through prison legal loan because I get $4.00 every 2 weeks. As of right now I get a $1.62 every 2 weeks because I am still paying last year's legal loan [sic]. They denied me because I get involuntary unassigned pay and I got $25.00 (1 time a year) from my son for Christmas. Out of the $25 I was only able to spend $7.33. The prison takes 10% for release account and 50% for last year's legal loan. If the court can find me indigent why can't the prison. I have a case in the court and I can't respond when needed. Denying a person is violating that person's constitutional rights.

(Complaint ¶ IV. A.)

The plaintiff contends that if a person "makes under $5-$10 they should be eligible for a legal loan if they have a case in court." (Complaint ¶ IV. B.) He further maintains that he "should be eligible for the legal loan and/or receive the amount of $1,000.00 for the pressure and pain from migraines I get trying to figure out how to mail legal paperwork to

the courts when needed." Id. For relief, the plaintiff seeks $1000 - $2000.

The Constitution guarantees prisoners a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 350-51 (1996). But because that right is to access the courts rather than legal materials or law libraries, an inmate will not have a valid claim unless the prison authorities' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009); Bridges v. Gilbert, 557 F.3d 541, 553 (7th Cir. 2009); Marshall v. Knight, 445 F.3d 976, 968 (7th Cir. 2006). Therefore, the prisoner must spell out in his complaint the connection between the alleged denial of access to the courts and the actual non-frivolous injury. Christopher v. Harbury, 536 U.S. 403, 414-15 (2002); Ortiz, 561 F.3d at 671.

The plaintiff has not stated an access to the courts claim. Moreover, to the extent he challenges that Wisconsin Department of Corrections (DOC) legal loan provisions, Wis. Admin. Code § DOC 309.51[1], he does not state a claim under § 1983. The DOC legal loan statute "is not intended for the funding of prisoners' suits." Lindell v. McCallum, 352 F.3d

---

[1] The DOC legal loan provision provides:

**DOC 309.51 Funds for legal correspondence and copying.** (1) Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection, except that any amount of the debt the inmate repays during the year may be advanced to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of specified documents. The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

Wis. Admin. Code § DOC 309.51(1).

1107, 1111 (7th Cir. 2003). Specifically,

> the loans authorized by the statute are not funds which are disbursed or credited to an inmate's account to be used as he wishes but rather simultaneous credits and debits . . . for the sole purpose of enabling prisoners to purchase paper, photocopy work, or postage on credit. And [the plaintiff] has no constitutional entitlement to subsidy, *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002), to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund. *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998). If he is able to convince Wisconsin to extend him more credit for his legal endeavors, in apparent violation of Wisconsin law, any debt arising from that extension of credit will be a matter strictly between him and Wisconsin, and not any business of the federal courts.

Id. (internal quotations omitted). Finally, the DOC is not a proper defendant because it is not a "person" for purposes of § 1983. See Lapides v. University of Georgia, 535 U.S. 613, 617-18 (2002); Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. See House v. Belford, 956 F.2d 711, 720 (7th Cir. 1992) (quoting Williams v. Faulkner, 837 F.2d 304, 308 [7th Cir. 1988], aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 [1989]).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS ALSO ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.05 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin this <u>29th</u> day of April, 2011.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge